NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000393
15-NOV-2017
08:16 AM

NO. CAAP-17-0000393

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CHAMESE KU KELIIKOA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTC-16-005003)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Chan, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Defendant-Appellant Chamese Ku Keliikoa's (Appellant Keliikoa) appeal from the Honorable Harry P. Freitas's April 5, 2017 interlocutory order acknowledging Appellant Keliikoa's plea of not guilty to Plaintiff-Appellee State of Hawaii's (Appellee State) criminal amended complaint for operating a motor vehicle without a valid license in violation of HRS § 286-102 (2007 & Supp. 2016) and operating a motor vehicle without liability insurance in violation of Hawaii Revised Statutes (HRS) § 431:10C-104 (2005), and directing Appellant Keliikoa to appear on May 10, 2017 for a pretrial conference in district court criminal case number 3DTC-16-005003.

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (2016). HRS § 641-12 (2016) is the statute providing that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." Consequently, "in order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003); see also Rule 32(c)(2) of the Hawai'i Rules of Penal Procedure. And even when the district court enters a judgment of conviction, "[j]udgments of conviction are not final unless they include the final adjudication and the final sentence." State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005) (dismissing an appeal from a district court judgment of conviction that did not finally determine the entire sentence). In the instant case, the district court has not yet held a trial, much less rendered a final decision, on Appellee State's amended complaint against Appellant Keliikoa in district court criminal case number CAAP-16-005003. Absent an appealable final judgment or order, we lack appellate jurisdiction over the April 5, 2017 order, and Appellant Keliikoa's appeal is premature.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000393 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, November 15, 2017.

Chief Judge

Associate Judge

Associate Judge

3